Mark J. **TRUE**, Plaintiff—Appellant,

v.

**ALLSTATE INS. CO.**, Allstate Insurance Company; CNA Personal Business Lines DBA: CNA Personal Insurance Company, Defendants—Appellees.

No. 04–15793.

D.C. No. CV–01–01274–FCD/KJM.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Dec. 5, 2005.

Decided Dec. 23, 2005.

Kevin W. Harris, Esq., Sacramento, CA, for Plaintiff–Appellant.

Linda M. Inscoe, Esq., Latham & Watkins, LLP, San Francisco, CA, for Defendants–Appellees.

Before B. FLETCHER, THOMPSON, and BEA, Circuit Judges.

MEMORANDUM *

Plaintiff-appellant Mark J. True appeals the district court's summary judgment in favor of his former employer defendants-appellees Allstate Insurance Company and its wholly owned subsidiary CNA Personal Business Lines d.b.a. CNA Personal Insurance Company (Encompass). True asserts claims of (1) employment discrimination and harassment on the basis of sex, age, and/or disability in violation of Title VII, 42 U.S.C. § 2000e ("Title VII"), the California Fair Employment and Housing Act, Cal. Gov.Code § 12900 ("FEHA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"); (2) employment discrimination and harassment in retaliation for prior complaints of discrimination and whistleblowing in violation of Title VII, FEHA, and California Labor Code § 1102.5; (3) constructive wrongful termi-nation in violation of public policy; (4) breach of contract; and (5) breach of the covenant of good faith and fair dealing. The district court granted defendants-appellees' motion for summary judgment on all of True's claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

True failed to create a triable issue of fact that the alleged harassment and discrimination occurred *because of* his sex, age, and/or disability. *See* 42 U.S.C. § 2000e–2(a)(1) (prohibiting employment discrimination "because of" sex); 29 U.S.C. § 623(a)(1) (prohibiting employment discrimination "because of" age); 42 U.S.C. § 12112(a) (prohibiting employment discrimination "because of" disability); Cal. Gov.Code § 12940(a) (prohibiting employment discrimination "because of" sex, age or disability); *see also Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at *'discriminat[ion]* ... because of ... sex.'"). Accordingly, the district court properly granted summary judgment on True's harassment and discrimination claims.

The district court also properly granted summary judgment dismissing True's retaliation claims. True failed to establish a prima facie case of retaliation for reporting discrimination because he failed to create a triable issue of material fact regarding a causal connection between his complaints and any adverse employment actions. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir.2000). Likewise, True's claim of retaliation for reporting purported illegal conduct in conducting fraud investigations fails for lack of evidence that his employer was even aware of his alleged whistleblowing activities which is "[e]ssential to a

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**618**

causal link." *Morgan v. Regents of Univ. of Cal.*, 88 Cal.App.4th 52, 69–70, 105 Cal. Rptr.2d 652 (Cal.Ct.App.2000).

The district court's summary judgment rejecting True's claim for constructive wrongful termination in violation of public policy was also appropriate. The working conditions True alleged were not, as a matter of law, so "intolerable or aggravated" at the time of his resignation as to constitute constructive discharge. *Turner v. Anheuser–Busch, Inc.*, 7 Cal.4th 1238, 1251, 32 Cal.Rptr.2d 223, 876 P.2d 1022 (Cal.1994).

True's claim for breach of an implied employment contract to only terminate him for cause and not subject him to retaliation necessarily fails given our affirmance of summary judgment on his claims of constructive discharge and retaliation. Finally, True's claim for breach of the implied covenant of good faith and fair dealing also fails because it is duplicative of his breach of contract claim. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395, 272 Cal.Rptr. 387 (1990) ("If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.").

AFFIRMED.